UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE GOODE,

        Plaintiff,                    CIVIL ACTION NO. 12-10340

vs.

                                          DISTRICT JUDGE PAUL D. BORMAN

GENESEE, COUNTY OF,        MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

        Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 38)

This matter comes before the Court on Plaintiff's motion to compel discovery. (Docket no. 38). Defendant Genesee County filed a response. (Docket no. 42). Plaintiff filed a reply. (Docket nos. 43, 47). The parties filed Joint Statements of Resolved and Unresolved Issues. (Docket nos. 46, 51). The motion has been referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 39). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling.

The instant case involves a thirty-one year old individual who died of a heroin overdose while in the custody of Defendant Genesee County Jail, where he was being housed on an alcohol-related offense. The decedent was the parent of a minor child at the time of his death on April 16, 2011. The decedent's personal representative has brought this action on behalf of the estate for monetary damages under 42 U.S.C. § 1983, asserting thirteen counts against nine defendants for violation of the decedent's constitutional rights.

Plaintiff served Defendant Genesee County with Plaintiff's Request to Produce on April 5,

1

2012, seeking responses to twenty-three document requests. (Docket no. 38, ex. 1). On May 14, 2012 Defendant Genesee County served objections and responses to the requests. (Docket no. 38, ex. 2). The parties' Joint Statement of Resolved and Unresolved Issues reveals that the parties have been unable to resolve their dispute with regard to Production Request no. 15. (Docket no. 51). All other matters have been resolved.

Request for Production no. 15 asks Defendant Genesee County to produce copies of all incident reports, accident reports, photos, video tapes or other documents related to any incident where emergency medical attention was provided an inmate or where there was a death of an inmate from January 1, 2008 through April 16, 2011. Defendant objected on the grounds of relevance and argued that it would incur undue expense if it had to review the "several thousand sheets of paper" that would be required of it in order to respond to Plaintiff's request. Defendant explains that the Genesee County Jail houses approximately 13,000 inmates each year and that it would have to manually cull through more than 117,000 files to determine which inmates were provided with emergency medical attention. In addition, Defendant contends that Production Request no. 15 is overly broad because it does not define or limit "emergency medical attention," which could be construed to include any event outside the standard wellness check or any instance where a nurse or other medical care provider was called to a cell. Despite its objections, Defendant produced one report concerning a medical event that occurred on February 8, 2011.

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Yet despite it's

2

broad definition the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Defendant objects to Request for Production no. 15 primarily as it pertains to Plaintiff's request for documents and things related to any incident where emergency medical attention was provided to an inmate. The Court agrees with Defendant that Plaintiff's request seeking documents pertaining to "any" incident is overly broad and not sufficiently tailored to elicit relevant responses. The Court also finds that the phrase "emergency medical attention" is subject to different definitions and does not adequately describe the documents sought with sufficient particularity. The Court will therefore deny Plaintiff's motion to compel a response to that portion of Request for Production no. 15 that seeks incident reports, accident reports, photos, video tapes or other documents related to any incident where emergency medical attention was provided an inmate from January 1, 2008 through April 16, 2011. However, the Court does not have the same concerns with regard to Plaintiff's request for documents and things where there was a death of an inmate following the administration of emergency treatment at the jailhouse facility. The Court will therefore order Defendant to produce copies of all incident reports, accident reports, photos, video tapes or other documents related to any incident where there was a death of an inmate following the administration of emergency treatment at the jailhouse facility between January 1, 2008 and April 16, 2011.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel discovery (docket no. 38) is granted in part. On or before March 19, 2013 Defendant must produce copies of all incident reports, accident reports, photos, video tapes or other documents related to any incident that occurred between January 1, 2008 and April 16, 2011 where emergency treatment was rendered to

an inmate at the Genesee County Jail and was followed by the death of that inmate. In all other respects Plaintiff's motion is denied.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  s/
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated:  s/
Case Manager