**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JESSE GOODE,**

          **Plaintiff,**          **CIVIL ACTION NO. 12-CV-10340**

  **vs.**

                          **DISTRICT JUDGE PAUL D. BORMAN**

**GENESEE, COUNTY OF, et al.,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**

          **Defendants.**
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT**
**(DOCKET NO. 55)**

     This matter comes before the Court on Plaintiff's motion to amend complaint.  (Docket no. 55).  Defendants filed a response.  (Docket no. 56).  Plaintiff filed a reply.  (Docket no. 57).  The motion has been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 60).  The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f).  The motion is now ready for ruling.

     Plaintiff, the personal representative of the estate of Jesse Goode, brought this action on January 26, 2012 pursuant to 42 U.S.C. § 1983, alleging thirteen counts against nine defendants for violation of the decedent's constitutional rights after he died of a heroin overdose while in the custody of Defendant Genesee County Jail.  In the instant motion Plaintiff seeks to amend the complaint to conform to the evidence, and claims that the proposed amended complaint does not add new claims or parties.  Defendants object to the motion and argue that the motion is untimely under the scheduling order and adds a new claim that causes them prejudice.  Specifically, Defendants

1

argue that the proposed amended complaint adds a new theory of liability by identifying a new County policy upon which liability is based. The new theory of liability is set forth in paragraphs 105 and 106 of the proposed amended complaint, which state that Defendant County of Genesee failed to implement a policy to perform cell shake downs for drugs or weapons, or failed to train on any such policy it did administer. Defendants also contend that the motion should be denied because the proposed amended complaint does not conform to the evidence.

Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A),(B). Otherwise "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Factors relevant to the determination of whether to permit an amendment include "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). "Delay alone ... does not justify the denial of leave to amend. Rather, the party opposing a motion to amend must make some significant showing of prejudice to prevail." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assoc., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995). "Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading[.]" *Id.* (quotations and citations omitted). When a motion to

2

amend is filed after the close of discovery, the movant bears an increased burden in justifying its failure to move earlier.  *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).  The decision whether to grant a motion to amend is within the sound discretion of the court.  *Perkins*, 246 F.3d at 605.

Federal Rule of Civil Procedure 16 states that the court must issue a scheduling order limiting "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A).  The Rule is designed to ensure that "at some point both the parties and the pleadings will be fixed."  *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citation omitted). "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

The scheduling order sets May 1, 2013 as the deadline for amending the pleadings, July 1, 2013 as the closing date for all discovery, and August 1, 2013 as the dispositive motion deadline. No trial date has been set.  (Docket no. 54).

Plaintiff filed the instant motion on July 30, 2013, after the deadline for amending the pleadings and after the close of discovery.  The dispositive motion deadline passed without either party filing a motion.  Later, the Court entered an order suspending scheduling order deadlines pending determination of the instant motion to amend.  As a result, the Court will have to amend the scheduling order and set new dates whether or not Plaintiff is permitted to file an amended complaint.

Plaintiff contends that the proposed amended complaint conforms to the evidence without adding new claims or parties.  The Court has reviewed the proposed amended complaint and concludes that Defendants will not be unduly prejudiced by the amendment.  To the extent any

additional discovery is needed, it should be minimal.  Therefore, any prejudice suffered by Defendants as a result of the amended complaint can easily be rectified with a limited extension of discovery as necessary.  The fact that Defendants do not agree with Plaintiff's version of the facts as set forth in the proposed amended complaint is not reason to deny the motion.  The Court will grant Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend complaint (docket no. 55) is **GRANTED**.  The amended complaint must be filed on or before March 21, 2014.

**IT IS FURTHER ORDERED** that Defendants have until April 4, 2014 to move for a limited extension of discovery on any claim in the amended complaint they claim is new.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: March 3, 2014                    s/ Mona K. Majzoub_____
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.


Dated: March 3, 2014                    s/ L. Bartlett_____
                                        Case Manager


4