UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE ESTATE OF JESSE GOODE,
by and through the Personal
Representative, Kelley Collett,

        Plaintiff,

v.

COUNTY OF GENESEE,
et al.,

        Defendants.
_____/

Case No. 12-cv-10340

Paul D. Borman
United States District Judge

Mona K. Majzoub
United States Magistrate Judge

<u>OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE MAJZOUB'S MARCH 3, 2014
ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF NO. 64)</u>

This matter is before the Court on Defendants' Objections to Magistrate Judge Majzoub's March 3, 2014 Order Granting Plaintiff's Motion to Amend Complaint. (ECF No. 66, Objections; ECF No. 64, Order.) Plaintiff filed a response to Defendants' Objections. (ECF No. 67, Response.) The Court has reviewed the Magistrate Judge's Order, along with the parties' objections and response, and concludes that the Order is neither clearly erroneous nor contrary to law and accordingly AFFIRMS the Order.

**I.   BACKGROUND**

On March 26, 2013, the Court issued an Amended Scheduling Order setting the following dates: Amendments to the Pleadings: 5/1/13; Closing date for all discovery: 7/1/13; Dispositive motions due: 8/1/13. (ECF No. 54, Amended Scheduling Order.) Plaintiff served her expert reports on January 31, 2013 and her experts were deposed on April 22, 2013 (Weihl), April 24, 2013 (Schwartz) and April 26, 2013 (McCoy). (ECF No. 57, Pl.'s Reply at 5.) Defendants served their

1

expert reports sometime in May, 2013. (*Id.*)

On July 30, 2013, the day before dispositive motions were due to be filed, Plaintiff filed the motion to amend the complaint that is the subject of these Objections. On July 31, 2013, the Court reset the dispositive motion deadline to September 1, 2013 to permit the Court time to resolve the motion to amend. (7/31/13 Text Only Entry.) On August 19, 2013, the Court referred the motion to Magistrate Judge Majzoub and suspended the scheduling order deadlines. (8/13/13 Text Only Entry.) Magistrate Judge Majzoub issued her Order granting the motion to amend on March 3, 2014. The Court now addresses Defendants' objections to that Order.

## II.    STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)).

This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). The Sixth Circuit

has noted that: "[t]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard. . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich.1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).

### III.  ANALYSIS

Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, once the date for amendment to the pleadings set by the Court's scheduling order has passed, the good cause requirement of Fed. R. Civ. P. 16(b) comes into play and must be considered by the Court in determining whether to permit the amendment. *Leary v. Daeschner*, 349 F.3d 888, 905-06 (6th Cir. 2003). In determining good cause, the Court considers both the moving party's diligence in seeking to amend and the prejudice to the defendant in permitting the late amendment. *Id*. at 906. *See, e.g., Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2008) (noting that Rule 15(a)(2) requires that leave to amend be freely given but acknowledging that "in *Leary* this Court recognized that a different standard applies when a proposed amendment is so late that it would require the modification of a Rule 16 scheduling order," at which point "the movant must demonstrate 'good cause' for his failure to move to amend"

3

under the standards of Rule 16(b), which includes consideration of prejudice to the non-movant).

Plaintiff's motion is filed three months after the scheduling order deadline for amendments to the pleadings and thus the Court is required to examine Rule 16(b)'s good cause requirement and to consider both Plaintiff's diligence and prejudice to the Defendants. Defendants object that Magistrate Judge Majzoub did not apply the diligence component of Rule 16(b)'s good cause standard, but the Magistrate Judge expressly invoked Rule 16(b)'s good cause requirement in reaching her decision. (ECF No. 64, Order 3.) Plaintiff states that the depositions of Plaintiff's experts took place in late April and that Plaintiff did not receive Defendants' expert reports until sometime in May, 2013, after the pleading amendment deadline had passed. Plaintiff states that the proposed amended complaint was prepared as soon as was practicable following the completion of that discovery. Thus, Plaintiff's delay is not completely unexplained and given the length and timing of the delay, coming before the filing of summary judgment motions, the Magistrate Judge did not clearly err in not faulting Plaintiff for failing to be diligent.

In any event, Defendants' principal objection appears to be that the Magistrate Judge failed to acknowledge that Plaintiff has added a new policy claim against the County in paragraphs 105-107 of the proposed amended complaint and erred in failing to conclude that Defendants are significantly prejudiced by the late assertion of this claim. A municipality can be held liable under § 1983 where it is shown that a municipal custom or policy is the driving force behind the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (stating that the drafters of § 1983 intended only to impose liability on a government that "causes" an employee to violate another's rights under color of some official policy). To prevail in such a suit, the plaintiff

must show that the alleged violation of his federal rights was caused by a municipal policy or custom. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). A plaintiff asserting a § 1983 claim on the basis of municipal custom or policy must identify the policy, connect the policy to the municipality, and show that the specific injury at issue was caused by the execution of that policy. *Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004). The causal link must be strong enough to support a finding that the defendants' deliberate conduct can be deemed the "moving force" behind the violation. *Id.* (quoting *Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir. 2001)).

Thus, Defendants are correct that identification of the exact policy being challenged is a critical element of a *Monell* practice or policy claim. And Defendants are correct that paragraphs 105-107 of the proposed amended complaint add specific allegations regarding the County's "cell shakedown" policy. Plaintiff states that these "allegations clearly parallel Count IX allegations paragraphs 88-90 of the original Complaint." (ECF No. 67 at 3.) These new allegations assert that the County had no policy, practice or custom and/or failed to train its deputies regarding the need to randomly shake down cells. Paragraphs 88-90 or the original Complaint allege that the County had no policy, practice or custom and/or failed to train its deputies regarding doing body checks on inmates returning to the jail from work release.

Both of these policies were discussed by Plaintiff's expert, Dr. Schwartz, who, in paragraph 4 of his report attacks the County's "cell shakedown" policy and, in paragraph 5, cites "another important aspect of controlling contraband drugs," and attacks the absence of a policy mandating strip searches of inmates who have left the perimeter of the institution and return to the jail. (ECF No. 58-1, Pl.'s Reply Ex. 3B.) While these allegations appear to be premised upon distinct policies

5

or failures of policy, one relating to random cell searches and one relating specifically to strip searches of returning inmates, the salient point here is that Defendants were made aware that Plaintiff was challenging both through Dr. Schwartz's January 25, 2013 Report, which was served on Defendants on January 31, 2013.[1] When Defendants deposed Dr. Schwartz on April 24, 2013, months after having received his Report, Plaintiff was still free to amend the complaint before the scheduling order deadline of May 1, 2013. If Defendants chose not to question Dr. Schwartz about his opinions regarding the cell shakedown issue, or chose not to have their experts address that issue in their reports, that was a choice they made at a time that Plaintiff was still free to amend the complaint to add a claim based on *any* of Dr. Schwartz's opinions. They cannot now claim significant surprise and prejudice in having to address those opinions.

However, the Defendants were potentially prejudiced to some degree in preparing their summary judgment motion based upon the claims in the original Complaint because once the May 1, 2013 deadline passed, Defendants could safely assume that the Plaintiff's claims as set forth in the original Complaint were set. And had Plaintiff timely amended, Defendants would have had two months to follow up with further discovery on the cell shakedown policy allegations, if they believed those allegations added a new and different policy claim, before the July 1, 2013 discovery cut off date.

Nonetheless, the Magistrate Judge's conclusion that any prejudice can be cured by extending deadlines was sound. The Court concludes that Magistrate Judge Majzoub did not clearly err in granting Plaintiff's motion for leave to file the proposed amended complaint. However, because

---

[2] The Court expresses no opinion whatsoever on the plausibility, legal sufficiency or viability of such policy claims.

Defendants would have had two months to follow up with further discovery had Plaintiff timely amended, the Court will permit Defendants to re-open discovery for the limited purpose of addressing any claim related specifically to Plaintiff's allegations regarding cell shakedowns.

Further, the Court concludes that Magistrate Judge Majzoub did not clearly err in concluding that Defendants' disagreement with Plaintiff's version of the facts set forth in the proposed amended complaint can best be addressed in Defendants' motion for summary judgment. To the extent that a newly-asserted factual allegation, such as a reference to a previously un-identified witness, creates the need for further discovery, Defendants are granted permission to conduct further discovery limited to such discrete newly-asserted facts.

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that Magistrate Judge Majzoub did not clearly err in granting Plaintiff leave to file the proposed amended complaint. The proposed amended complaint shall be accepted for filing. The parties shall agree upon and submit to the Court within two weeks of the date of this Order a proposed schedule for (1) answering the amended complaint, (2) completing any targeted discovery as permitted in this Order necessitated by Plaintiff's delay in timely filing the amended complaint, and (3) filing dispositive motions.

IT IS SO ORDERED.

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: March 31, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2014.

                                        s/Deborah Tofil
                                        Case Manager