UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE ESTATE OF JESSE GOODE,
by and through the Personal Representative,
KELLEY COLLETT,

        Plaintiff,

        Case No. 12-10340

        Paul D. Borman
v.        United States District Judge

COUNTY OF GENESEE, *et al.,*

        Defendants.
_____/

ORDER PERMITTING THE INDIVIDUAL DEFENDANTS REMAINING IN THE CASE, *i.e.* DEPUTY BERLANGA, DEPUTY VAN WOERT AND SERGEANT NUCKOLLS, TO FILE SUPPLEMENTAL BRIEFING

On January 15, 2015, this Court held a hearing on Defendants' Motion for Summary Judgment. (ECF No. 88.) At the hearing, the Court inquired of counsel for Defendants regarding the absence of any briefing as to the liability of the Defendant officers in their individual capacities. Counsel responded that the individual officers had been named in the Complaint only in their official, and not in their individual, capacities and that the case had been litigated throughout as an official capacity case only. Plaintiff's counsel disagreed and explained at the hearing that the "only thrust" of the case has been deliberate indifference against the individual defendants and noted that Plaintiff's responsive briefing had been devoted principally to argument that the individual defendants were not entitled to qualified immunity.

Under established law in this Circuit, the failure to name an individual officer in his or her individual capacity does not necessarily preclude such a claim. The Sixth Circuit, in these

1

circumstances, looks to the "course of proceedings" to determine whether, despite the failure of the Complaint to name them individually, the individual officers in fact were on notice that plaintiff sought to hold them personally liable.  In *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc), the Sixth Circuit explained the course of proceedings test:

> In fact, our post-*Wells* jurisprudence shows that we have applied a "course of proceedings" test to determine whether § 1983 defendants have received notice of the plaintiff's intent to hold them personally liable, albeit without clearly labeling the test as such. For instance, we have refused to dismiss a § 1983 complaint which failed to state "individual capacity," where one month after the complaint was filed, the plaintiff filed a motion stating that the defendants acted outside the scope of their employment and in bad faith. *See Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir. 1995). We have also looked to later pleadings, such as a response to a motion for summary judgment, to determine whether proper notice had been given. *See Abdur–Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 491 (6th Cir. 1995). Therefore, while it is clearly preferable that plaintiffs explicitly state whether a defendant is sued in his or her "individual capacity," *see, e.g., Hardin v. Straub*, 954 F.2d 1193, 1200 (6th Cir. 1992), failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice.FN1
>
>> FN1. The "course of proceedings" test considers such factors as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability. *See Biggs [v. Meadows]*, 66 F.3d [56] at 61 [(4th Cir. 1995)]. The test also considers whether subsequent pleadings put the defendant on notice of the capacity in which he or she is sued. We are mindful of the timing of subsequent filings not, as the officers suggest, because they must be filed practically contemporaneous to the opinion, but rather to determine whether the parties are still in the early stages of litigation. This ensures both fairness to defendants, *Wells's* first concern, and the resolution of any jurisdictional problems at an early stage, *Wells's* second concern. As this case appears before us on appeal from a Rule 12(b)(6) dismissal, we assume it is still in a relatively early stage of litigation.

272 F.3d at 772, 772 n.1.  *See also Garcia v. Dykstra*, 260 F. App'x 887, 894-95 (6th Cir. 2008) (applying the course of proceedings test and finding sufficient notice where the complaint sought

money damages from the individual defendants and the defendants asserted qualified immunity as an affirmative defense).

Despite the fact that Plaintiff's Complaint does not state that the individual Defendants are being sued in their "individual capacities," the Complaint expressly seeks money damages from each of the individual Defendants. Moreover, Defendants Berlanga, Van Woert and Nuckolls each asserted qualified immunity in their Answers to the Complaint as a defense to Plaintiff's claims. Importantly, Defendants Berlanga, Van Woert and Nuckolls were each deposed in this case and examined extensively on their knowledge of, and personal involvement in, the events surrounding Mr. Goode's death on April 16, 2011.

Despite this course of proceedings, in their motion for summary judgment, Defendants communicated their understanding that the individual Defendants were being sued only in their official capacities and did not address, or seek summary judgment on, claims against them in their individual capacities. Although Plaintiff's response did not directly disabuse the Defendants of this "understanding," the response did express confusion at Defendants' "characterization" of Plaintiff's Complaint:

> In many ways Defendant has mis-categorized Plaintiff's Amended Complaint. This Complaint alleges Eighth and Fourteenth Amendment Constitutional violations under § 1983 against Deputies Berlanga and Van Woert and Sergeant Nuckolls. It alleges gross negligence violations against those three individuals. It alleges policy violations against the County of Genesee as the driving force behind the death of Jesse Goode according to *Canton v. Harris*, 489 U.S. 378 (1989). The substance of much of the case is deliberate indifference under § 1983. Deliberate indifference has an objective component and a subjective component, *Farmer v. Brennan*, 511 U.S. 825 (1994). Specifically, there must be a medical condition that the official knows of and disregards being an <u>excessive risk to inmate health or safety</u>. The test as to whether a prison official had the requisite knowledge of a substantial risk is a <u>question of fact</u> subject to demonstration in the usual ways including inference from circumstantial evidence according to *Farmer*, supra.

ECF No. 92, Pl.'s Resp. 12 (emphasis in original).

While Plaintiff did not invoke the "individual capacity" label, and while other statements in the responsive brief reveal some confusion over the distinction between individual and official capacity claims, the citation to *Farmer*, and the express discussion of the deliberate indifference standard along with the tenor of the discovery in the case, should have put Defendants' seasoned counsel on notice that the Plaintiff sought to hold the individual Defendants personally liable. Defendants' tactical decision not to acknowledge the individual liability claims against them in their summary judgment briefing was not a wise choice under these circumstances. Although Plaintiff's briefing on the issue of individual capacity was perhaps not as artfully composed as Defendants may have wished, the Court finds that the course of proceedings in this case demonstrates that Defendants Berlanga, Van Woert and Nuckolls were on sufficient notice that Plaintiff sought to hold them personally liable for their alleged deliberate indifference.

The Court also recognizes, however, that Plaintiff's response to the Defendants' motion for summary judgment did not clearly correct Defendants' "misunderstanding" of the nature of the claims. Accordingly, the Court will permit the individual Defendants to submit supplemental briefing addressing Plaintiff's claims as to their individual liability under the Counts in the Complaint. They may submit a single brief among them, up to 10 pages in length, on or before February 17, 2015, discussing only the claims against them individually and any defenses to those claims. Plaintiff will be permitted to file a response brief of up to 10 pages in length on or before March 3, 2015 and Defendants may reply in a single 5-page brief on or before March 13, 2015. Reference may be made to the Exhibits submitted as attachments to the parties' previously-filed briefs, identifying the nature of the Exhibit, the docket number of document to which it was attached

and the Exhibit number. The parties need not re-attach Exhibits that were previously submitted to the Court.

IT IS SO ORDERED.

s/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: January 30, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 30, 2015.

s/Deborah Tofil<br>
Case Manager